UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND BRUCE BELTON, ) | 1:05-CV-1552 REC LJO HC |
| Petitioner, ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. ) | |
| BERNIE ELLIS, ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court for the Eastern District of Wisconsin entered on March 15, 1989, following his conviction for conspiracy with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. Petitioner was sentenced to a determinate term of 360 months in federal prison.

---

[1] This information was derived from the petition for writ of habeas corpus and the memorandum in support of the petition.

Petitioner appealed the conviction to the Seventh Circuit Court of Appeals. He claimed that he was improperly sentenced as a career offender. On November 20, 1989, the Seventh Circuit affirmed the judgment. See U.S. v. Belton, 890 F.2d 9 (7th Cir.1989).

On August 1, 1990, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.  On August 13, 1990, the motion was denied. See Exhibit B, Petitioner's Declaration in Support of Petition (hereinafter "Declaration"). Petitioner appealed the denial to the Seventh Circuit Court of Appeals. On March 25, 1992, the Seventh Circuit affirmed the District Court's denial. Id. On June 1, 1992, the Seventh Circuit denied Petitioner's request for rehearing en banc. See Exhibit C, Declaration.

Petitioner then filed a second § 2255 motion in the sentencing court, and supplemented said motion on January 3, 1994, and May 31, 1994. See Exhibit D, Declaration.  On June 7, 1994, the motion was denied. See Exhibit E, Declaration.

On May 15, 1998, Petitioner filed a third motion pursuant to § 2255 in the sentencing court. See Exhibit F, Declaration. On June 30, 1998, the motion was denied as successive. See Exhibit G, Declaration. Petitioner's motion for certificate of appealability was denied on November 13, 1998. See Exhibits H and I, Declaration.

On December 29, 1998, Petitioner filed a motion for leave to file a successive motion under § 2255. See Exhibit I, Declaration. The motion was denied by the Seventh Circuit because the § 2255 motion Petitioner sought to file was untimely and successive. See Exhibit I, Declaration.

On February 17, 1999, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. See Exhibit J, Declaration. The Central District recast the petition as a motion pursuant to § 2255 and transferred the action to the sentencing court on March 2, 1999. See Exhibit L, Declaration. On July 30, 1999, the sentencing court dismissed the motion as successive and for failure to obtain prior authorization from the Seventh Circuit. See Exhibit M, Declaration. Petitioner then filed a motion for certificate of appealability which was denied by the sentencing court. On December 17, 1999, however, Petitioner received an order from the Seventh Circuit requiring Petitioner to file a memorandum explaining why his appeal should not be summarily affirmed. See Exhibit O, Declaration. On December 20,

1  1999, Petitioner submitted his memorandum through private counsel. See Exhibit O, Declaration. On
2  October 2, 2000, the Seventh Circuit reversed the judgment of the sentencing court finding the
3  district court did not have jurisdiction to dismiss the § 2255 motion, because the § 2241 petition was
4  improperly recast as a § 2255 motion by the Central District of California. See Exhibit P,
5  Declaration. The Seventh Circuit also found Petitioner's claims to be frivolous and recommended
6  the District Court consider sanctioning Petitioner. Id.
7       Petitioner then sought relief in the sentencing court by filing a motion for modification of
8  sentence pursuant to 18 U.S.C. § 3582(c)(2). See Exhibit S, Declaration. The sentencing court
9  denied the motion on November 22, 2002. See Exhibit T, Declaration. Petitioner appealed, and on
10 July 23, 2003, the Seventh Circuit affirmed the judgment. See Exhibit U, Declaration.
11      On December 5, 2005, Petitioner filed the instant petition for writ of habeas corpus pursuant
12 to 28 U.S.C. § 2241 challenging his sentence.  Petitioner argues that his sentence was improperly
13 enhanced when he was wrongly found to be a career offender.

14                               **JURISDICTION**

15      A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
16 or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
17 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719
18 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
19 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.
20 Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by
21 way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States,
22 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
23 F.2d 840, 842 (5th Cir.1980).
24      In contrast, a federal prisoner challenging the manner, location, or conditions of that
25 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown
26 v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th
27 Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of
28 Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.

1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.   Petitioner concedes this fact.  Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he has already sought relief by way of § 2255.  However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and ineffective.  Petitioner claims he is innocent of being a career offender and that his sentence was

wrongly enhanced. He claims his prior 1987 drug conviction was for conduct that was part of the drug conspiracy for which he was convicted and should not have been counted when evaluating whether he was a career offender. In support of this claim, Petitioner cites to U.S. v. Garecht, 183 F.3d 671 (7th Cir.1999).  In Garecht, the Seventh Circuit found that Amendment 268, which took effect on November 1, 1989, clarified the sentencing guidelines so that a prior conviction, not included in a defendant's prior criminal history, could not be used as a prior conviction for career offender purposes. Id. at 676. Here, Petitioner was arrested for simple possession on November 12, 1987. The conspiracy for which Petitioner was convicted of in 1989 lasted from November 1, 1987, to September 13, 1988. Thus, Petitioner argues, due to the clarification by Amendment 268 to the Sentencing Guidelines, the 1987 simple possession conviction could not be used for career offender purposes. Therefore, he argues, he is innocent of the career offender enhancement.

Next, Petitioner argues he has never had an unobstructed procedural shot at presenting this claim because Garecht was decided on July 7, 1999, and Petitioner's first § 2255 motion had been denied by the sentencing court nearly nine years earlier on August 13, 1990. However, the record before the Court demonstrates that Petitioner did in fact have numerous unobstructed procedural opportunities to present the instant claim.

Although Garecht was not decided until after Petitioner's § 2255 motions had been denied, the basis for such a challenge was readily available during direct appeal to the Seventh Circuit and well before the first § 2255 motion was filed. As previously stated, Amendment 268 took effect on November 1, 1989.  The Seventh Circuit did not affirm the conviction and sentence until November 20, 1989, and Petitioner did not file his first § 2255 motion until August 1, 1990. Despite Petitioner's failure to raise the claim until recently, it was available, as it was for the petitioner in Garecht, and could have been raised on appeal and in his first § 2255 motion. Petitioner also could have raised the claim in any of the subsequent § 2255 motions and briefs to the Seventh Circuit. Notably, the Seventh Circuit requested briefing during one of Petitioner's appeals *after* Garecht was decided and several years after Amendment 268 had taken effect. Petitioner with the assistance of counsel filed a brief entitled "Jurisdictional Memorandum" on December 19, 1999; however, Petitioner did not raise his Garecht claim. Instead, he claimed actual innocence of the career offender enhancement based on

1  the allegation that a prior 1985 conviction could not be used to compute his career offender status.
2  Petitioner could have raised the <u>Garecht</u> claim to the appellate court in his brief, but he did not. In
3  any case, the Seventh Circuit found that Petitioner's claims under § 2241 were "frivolous." <u>See</u>
4  Exhibit P, Declaration. The Seventh Circuit also directed the district court to consider whether
5  sanctions against Petitioner were appropriate. <u>Id</u>.

6      Petitioner then filed a motion pursuant to 18 U.S.C. § 3582(c)(2). In an unpublished order
7  rejecting Petitioner's appeal from the district court's denial of that motion, the Seventh Circuit noted
8  that the Sentencing Commission elected not to make Amendment 268 retroactive. <u>See</u> Exhibit U,
9  Declaration; U.S.S.G. § 1B1.10. The Seventh Circuit rejected Petitioner's claims "because there is
10 no retroactive amendment applicable to [Petitioner's] sentence with which to calculate a new
11 guideline range." <u>See</u> Exhibit U, Declaration.

12     Therefore, it is clear Petitioner has not demonstrated that § 2255 provides an "inadequate or
13 ineffective" remedy. The basis for Petitioner's claim was available prior to his first § 2255 motion,
14 and Petitioner had multiple unobstructed opportunities to present it to the district court and to the
15 Seventh Circuit. In addition, as Amendment 268 is not retroactive, Petitioner's claim is without
16 merit.

17     Petitioner's alternative claim that § 2255 is unconstitutional should also be denied. In support
18 of this claim, Petitioner cites to the Second Circuit's conclusion in <u>Triestman v. U.S.</u>, 124 F.3d 361,
19 363 (2d Cir.1997), that "serious constitutional questions would arise if a person who can prove his
20 actual innocence on the existing record-- and who could not have effectively raised his claim of
21 innocence at an earlier time--had no access to judicial review." As discussed above, however, those
22 serious constitutional questions do not arise because Petitioner had several opportunities at earlier
23 times to effectively raise his claim of innocence. Therefore, Petitioner's claim that § 2255 is
24 unconstitutional must be rejected.

25     For the above reasons, the petition should be dismissed.

## RECOMMENDATION

27     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
28 DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under

1  28 U.S.C. § 2241.

2      These Findings and Recommendations are submitted to the Honorable Robert E. Coyle,
3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
4  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.  Within thirty (30) days after being served with a copy, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall
8  be served and filed within ten (10) court days (plus three days if served by mail) after service of the
9  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
10 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
11 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 IT IS SO ORDERED.
13 **Dated:     April 4, 2006**                    **/s/ Lawrence J. O'Neill**
   b9ed48                                         UNITED STATES MAGISTRATE JUDGE